PENNSYLVANIA RAILROAD COMPANY *v.* KEY-STONE ELEVATOR AND WAREHOUSE COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF PENN-SYLVANIA.

No. 683.  Argued April 24, 1915.—Decided May 10, 1915.

In a suit against a carrier for services for handling grain through plaintiff's elevators, the referee rejected evidence as to the ownership of almost the entire stock of the elevator company by a member of the firm which shipped the grain, and also an opinion of the Interstate Commerce Commission of later date than the services rendered: *held* that as the offer of evidence did not bring in the Act to Regulate Commerce and allege that the plaintiff was merely acting as a tool for the shipper to obtain rebates, the action was merely one for services, and, no Federal question being involved, this court has no jurisdiction under § 237, Judicial Code, to review the judgment of the state court.

Writ of error to review 246 Pa. St. 336, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the state court under § 237, Judicial Code, are stated in the opinion.

*Mr. M. Hampton Todd* for defendant in error in support of the motion

*Mr. John Hampton Barnes* for plaintiff in error in opposition to the motion.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by the defendant in error to recover reasonable compensation for services rendered in handling grain through its elevators.  The plaintiff proved to the sat-

isfaction of the referee to whom the parties agreed to submit the case that thirty-five cents a ton, the rate demanded, was a reasonable rate. To meet this the defendant offered to prove that Harvey C. Miller owned 93.6 per cent. of the plaintiff's stock; that he also was a member of the firm of L. F. Miller & Sons, for which 90 per cent. of the plaintiff's business now in question was done; that the grain handled came from other States over the defendant's lines; that competitors of L. F. Miller & Sons received grain from the same point at the same rate but did not have any elevator, perform any elevator service or receive compensation for such service; that the plaintiff's books showed that the plaintiff and Harvey C. Miller had received from the payments already made by the defendant and consignees the actual cost of the services rendered, with a reasonable profit, the defendant contending that further payment would be contrary to the Act to Regulate Commerce; and finally an opinion and order of the Interstate Commerce Commission of later date than the service rendered and the bringing of this suit. This evidence was rejected and the Supreme Court of Pennsylvania sustained the referee, rightly observing that the one question before him was what the plaintiff's services were reasonably worth. 246 Pa. St. 336.

There was no complaint that the rate was unreasonable, but only a wrong conception of the grounds upon which an advantage might be pronounced undue. There was no offer to prove that L. F. Miller & Sons were using the plaintiff as a tool for the purpose of obtaining a rebate. The offer did not go far enough to bring in the act of Congress and was not made in an effort to prove that an unreasonable rate was charged.

*Writ of error dismissed.*